UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Victoriano Ramos,<br><br>  Plaintiff<br><br>v.<br><br>Giltner Transportation, Inc., et al.,<br><br>  Defendants | Case No. 2:21-cv-01446-CDS-BNW<br><br>**Order Granting Defendants' Motion for Partial Summary Judgment**<br><br>[ECF No. 62] |

Before the court is defendants Giltner Transportation, Inc., Giltner Logistics Services Inc., and Giltner, Inc., LLC's (together, Giltner) motion for partial summary judgment regarding plaintiff Victoriano Ramos' derivative liability "corporate negligence" claims for negligent hiring, retention, training, supervision, and entrustment alleged throughout the complaint and captured specifically in count II. ECF No. 62. The motion seeks summary judgment solely on the corporate negligence derivative liability claims because (1) they are moot and duplicative as Giltner has admitted the employee driver was acting within the course and scope of his employment for Giltner at the time of the subject car accident; and/or (2) there are no genuine issues of material fact regarding these claims. *Id.* Ramos filed a notice of non-opposition to the motion. ECF No. 63. For the following reasons, I find the corporate negligence derivative liability claims duplicative of the negligence claim against defendant Gary Nair and thus grant Giltner's motion for partial summary judgment.

I.   **Legal standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary judgment stage, the court views all facts and draws all inferences in the light

most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed; the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

In cases like the one at hand, district courts may grant an unopposed motion for summary judgment if the movant's papers sufficiently support the motion and do not present on their face a genuine issue of material fact. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). The failure to oppose a motion for summary judgment does not permit the court to enter summary judgment by default, but the lack of a response is not without consequences. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). As Federal Rule of Civil Procedure 56(e) explains, "[i]f a party fails . . . to properly address another party's assertion of fact[,] . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3); *Heinemann*, 731 F.3d at 917.

**II.    Discussion**

Ramos brings two causes of action. The first is a negligence claim against all defendants. ECF No. 1 at 15–17. The second is a negligent hiring, retention, training, and supervision claim against all defendants. *Id.* at 18–20. Giltner moves for partial summary judgment only on the vicarious liability claims against Giltner, arguing that they are duplicative of Ramos' negligence

claim against Nair, which will permit recovery against Giltner under respondeat superior liability if a jury finds that Nair was negligent given that Giltner has already admitted that Nair was acting within the course and scope of his employment with Giltner at the time of the accident. ECF No. 62. I agree.

The majority rule is that once vicarious liability is admitted, such as has occurred here, direct corporate negligence claims against the employer are eliminated. *See, e.g., Diaz v. Carcamo*, 253 P.3d 535, 538 (Cal. 2011) (finding that a plaintiff in a vehicle collision action may not sue an employer for negligent entrustment when the employer has admitted respondeat superior liability); *Durben v. Am. Materials, Inc.*, 503 S.E.2d 618, 619 (Ga. Ct. App. 1998) ("Generally, when an employer admits the applicability of respondeat superior, it is entitled to summary judgment on claims for negligent entrustment, hiring, and retention."). "This is because if the employee was not negligent, there is no basis for imposing liability on the employer, and if the employee was negligent, the employer must pay for the judgment regardless of the reasonableness of the hiring or retention or the adequacy of the training." *Sun Min Lee v. J.B. Hunt Transp., Inc.*, 308 F. Supp. 2d 310, 312 (S.D.N.Y. 2004). The rationales for this rule are that the employer is still only liable for the employee's negligence, the plaintiff cannot recover any more in damages than he would recover under a theory of respondeat superior, and the collateral evidence of the other claims would likely be irrelevant and inflammatory. *See Jeld-Wen, Inc. v. Superior Court*, 131 Cal. App. 4th 853 (2005) (citing Brent Powell, *Submitting Theories of Respondeat Superior and Negligent Entrustment/Hiring*, 61 Mo. L. Rev. 155, 162 (1996)).

Though the Supreme Court of Nevada does not appear to have directly addressed the issue of whether negligent hiring, retention, training, and supervision claims against an employer must be dismissed as duplicative when an employer has admitted the employee was acting within the course and scope of employment when the injury occurred, *Hussey v. Tahira* is instructive. 2024 Nev. App. Unpub. LEXIS 122, at *6–7 (Nev. App. Mar. 22, 2024). There, the Nevada appellate court upheld the district court's exclusion at trial of evidence in support of the

negligent hiring claim where the employer had already admitted that it was subject to vicarious liability and the negligent hiring claim created no additional liability. *Id.* The *Hussey* court reasoned that such exclusion was proper because the defendant employer had already stipulated that it was vicariously liable for the driver's negligence and, even if the jury were to find the employer defendant liable for negligent supervision, there would be no new damages arising from the negligent hiring claim. *Id.* at *7 (citing *Department of Human Resources, Div. of Mental Hygiene & Mental Retardation v. Jimenez*, 935 P.2d 274, 284–85 (Nev. 1997), *opinion withdrawn, reh'g dismissed*, 941 P.2d 969 (Nev. 1997) (concluding that, even though the defendant was "liable on the theory of negligent supervision[,] . . . the district court erroneously awarded damages on that claim when [the plaintiff] was fully compensated on the theory of respondeat superior")). Here, Ramos does not request punitive damages, so there are no new or separate damages that he could recover by means of a direct liability claim against Giltner. *See generally* ECF No. 1.

        The court thus predicts[1] that Nevada would adopt the majority rule in situations like the present one, where the direct claims of negligence against the employer rest entirely upon the alleged negligence of the employee and are therefore superfluous with the claim for respondeat superior liability. *See Alvares v. McMullin*, 2015 U.S. Dist. LEXIS 73188, at *7–9 (D. Nev. June 3, 2015) ("[T]he Court predicts that Nevada would adopt the majority rule in situations like the present one, where the direct claims of negligence against the employer rest entirely upon the alleged negligence of the employee and are therefore superfluous with the claim for respondeat superior liability."); *Adele v. Dunn*, 2013 WL 1314944, at *2 (D. Nev. Mar. 27, 2013) ("The court predicts that Nevada would adopt the majority rule such that, in situations in which a motor carrier admits vicarious liability for the conduct of a driver, direct claims of negligent entrustment or negligent training and supervision against a motor carrier would be disallowed where those claims are rendered superfluous by the admission of vicarious liability.").

---

[1] *See High Country Paving, Inc. v. United Fire & Cas. Co.*, 14 F.4th 976, 978 (9th Cir. 2021) ("If the state's highest appellate court has not decided the question presented, then [a district court sitting in diversity] must predict how the state's highest court would decide the question.").

Moreover, Ramos does not dispute that Giltner is entitled to summary judgment on these claims. ECF No. 63. For all those reasons, the court grants partial summary judgment in favor of Giltner on Ramos' derivative liability corporate negligence claims.

### III. Conclusion

IT IS THEREFORE ORDERED that Giltner Logistics Services Inc., Giltner Transportation, Inc., Giltner, Inc's motion for partial summary judgment **[ECF No. 62] is GRANTED**. The court dismisses count II and instructs that, regarding count I, Ramos may only proceed against Giltner Logistics Services Inc., Giltner Transportation, Inc., Giltner, Inc. for respondeat superior liability.

Dated: July 16, 2024

_____
Cristina D. Silva
United States District Judge